Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004126
04-MAR-2014
08:12 AM

NO. CAAP-13-0004126

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ACRE QUALITY FARM PRODUCTS, LLC, a Hawaii Limited Liability Company; WESTERN SALES COMPANY, INC., a Guam Corporation, Plaintiffs-Appellees, v. ERIC HAHN, doing business as AQUARIUS ENDEAVORS, Defendant-Appellee, and 7D FOOD INTERNATIONAL, INC., a Philippine corporation, JOHN DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0351)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over this appeal that Defendant-Appellant Eric Hahn dba Aquarius Endeavors (Appellant Hahn) has asserted from the Honorable Edwin C. Nacino's September 12, 2013 judgment, because the September 12, 2013 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the

orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added). "For example: 'Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint.'" Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

> If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so; for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. (emphasis added). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Although Plaintiffs-Appellees Ace Quality Farm Products, LLC (Appellee Ace Quality Farm Products), and Western Sales Trading Company, Inc.'s (Western Sales Trading Company), August 22, 2011 second amended complaint asserts ten separately enumerated counts against Appellant Hahn and Defendant-Appellee 7D Food International, Inc. (Appellee 7D Food International), the

September 12, 2013 judgment does not specifically identify the claim or claims on which the circuit court intends to enter judgment in favor of Appellee Ace Quality Farm Products and Western Sales Trading Company and against Appellant Hahn and Appellee 7D Food International, as HRS § 641-1(a) and HRCP Rule 58 require for an appealable final judgment under the holding in Jenkins. Therefore, the September 12, 2013 judgment is not an appealable final judgment. Absent an appealable final judgment in this case, Appellant Hahn's appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-13-0004126. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0004126 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 4, 2014.


Presiding Judge


Associate Judge


Associate Judge